**United States District Court**<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEOUGH,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-01358 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT** |

Defendants County of San Mateo and Sheriff Don Horsley have filed a motion to dismiss and motion for a more definite statement. Hearing on the motion is currently scheduled for June 8, 2007. Having considered the papers submitted, the Court finds that this motion is suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the June 8, 2007 hearing. For the following reasons and for good cause shown, the Court hereby DENIES defendants' motion.

**BACKGROUND**

Plaintiff filed a complaint in San Francisco Superior Court on January 18, 2007, alleging that defendants violated his civil rights during and after his arrest on January 18, 2005 in Redwood City, in San Mateo County, California. The Complaint names several defendants: the City of San Francisco; San Francisco City Police Chief Heather Fong; San Francisco Police Sergeant John Haggett; Does 1 to 30, police officers and uniformed supervisory personnel of the San Francisco Police Department; Does 31 to 50, other uniformed supervisory personnel employed by the San Francisco Police Department; the County of San Mateo; San Mateo County Sheriff Don Horsley; Does 51 to 80, deputy sheriffs and

uniformed supervisory personnel of the San Mateo County Sheriff's Department; and Does 81 to 100, other uniformed supervisory personnel employed by the San Mateo County Sheriff's Department. *See* Complaint ¶¶ 2-3. Plaintiff brings all three of his causes of action pursuant to Title 42 U.S.C. section 1983. The first cause of action is for excessive and unreasonable force during and immediately after plaintiff's arrest, against defendants Sheriff Haggett, Does 1 to 30, and Does 51 to 80. *See id.* ¶ 10. The second cause of action is for "improper selection/failure to train," against defendants City of San Francisco, Chief Fong, Does 31 to 50, County of San Mateo, Sheriff Horsley, and Does 81 to 100. *See id.* ¶ 15. The third cause of action is for unconstitutional policies, customs or practices, against defendants City of San Francisco and County of San Mateo. *See id.* ¶ 20.

Defendants City of San Francisco and Chief Fong removed the case to this Court on March 7, 2007. Defendants Sheriff Horsley and the County of San Mateo have now moved to dismiss and for a more definite statement.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8(e) of the Federal Rules of Civil Procedure further requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d

556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Under Rule 12(e) of the Federal Rules of Civil Procedure, "if the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

**DISCUSSION**

As discussed above, plaintiff's second cause of action names movants Sheriff Horsley and the County of San Mateo as defendants, and the third cause of action names the County. The moving defendants argue that Sheriff Horsley is entitled to Eleventh Amendment immunity, and that the second and third causes of action are overly vague and fail to state a claim. For the following reasons, the Court disagrees.

**I.    Sheriff Horsley is not entitled to Eleventh Amendment immunity**

Defendants argue that Sheriff Horsley is entitled to Eleventh Amendment immunity. The Complaint, however, states that all of the defendants "are sued in their individual capacities, and in acting as herein alleged, were acting under color of law." Complaint ¶ 8. Unlike state officials sued in their official capacities, state officials sued in their individual capacities are "persons" under § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the official nature of their acts. *See id.* at 30-31. A state official who violates federal law is stripped of his official

character and is subject to individual and personal liability under § 1983. *See Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Whether an official is acting in his official or personal capacity is understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the injury. *See Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997). In *Hafer* the Court expressly held that state officials may be held liable in their personal capacity for actions they take in their official capacity. *See Hafer*, 502 U.S. at 27.

## II.     Second cause of action:  negligent selection or failure to train

In the second cause of action, plaintiff alleges that the "County of San Mateo, [and] Sheriff Horsley . . . deliberately, recklessly, and/or negligently selected and/or failed to train . . . Does 51 through 80 concerning adherence to constraints imposed by the United States Constitution in the use of physical force upon persons arrested by them, and thereby violated Plaintiff's constitutional rights." Complaint ¶ 15.

A local government may be liable for constitutional violations resulting from its failure to supervise, monitor or train, where the inadequacy of said supervision, monitoring or training amounts to deliberate indifference to the rights of the people with whom the local government comes into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Liberally construed, plaintiff's complaint states a claim for inadequate training, by alleging that Sheriff Horsley and the County "deliberately . . . failed to train" the officers involved in the arrest. Complaint ¶ 15. The Court therefore DENIES defendants' motion with respect to the second cause of action.

## III.    Third cause of action:  unconstitutional policies, customs or practices

Defendants argue that plaintiff's third cause of action fails to state a claim. The third cause of action alleges that the "County of San Mateo possessed and maintained policies, customs, or practices that proximately caused the above alleged use of excessive and unreasonable force . . . ." Complaint ¶ 20.

A local government may not be sued under 42 U.S.C. § 1983 for a constitutional violation

4

committed by its employees or agents unless that violation is pursuant to the execution of an official policy or custom. *See Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978). A plaintiff may demonstrate a policy or custom to support municipal liability in a number of ways. A plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)) (internal quotation omitted). In addition, a plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 1346-47.

Liberally construed, plaintiff's allegations state a *Monell* claim against San Mateo County. Plaintiff alleges that the County's "policies, customs, or practices" caused the unconstitutionally excessive force during and after plaintiff's arrest. Complaint ¶ 20. This is sufficient to state a claim under *Gillette*, 979 F.2d at 1346.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss or for a more definite statement. Though the Complaint is fairly bare-boned, it does successfully state legally-cognizable claims, and provides sufficient notice to defendants of those claims. [Docket No. 7]

**IT IS SO ORDERED.**

Dated: June 7 , 2007

SUSAN ILLSTON
United States District Judge

5